# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **ARCHIE DONALD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-2773-STA-tmp |
| | ) |
| **BUCKMAN LABORATORIES,** | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Before the Court is Buckman Laboratories's Motion to Dismiss (D.E. # 19) filed on January 17, 2012. Plaintiff Archie Donald has filed a response in opposition (D.E. # 25), and Defendant has filed a reply brief. For the reasons set forth, Defendant's Motion is **GRANTED IN PART, DENIED IN PART**.

## BACKGROUND

On October 27, 2010, Plaintiff filed his Complaint alleging several theories of discrimination in the terms and conditions of his employment. According to the Complaint, Plaintiff went to work for Defendant in 1990 as a Sample Room Technician. (Compl. ¶ 6.) From 1995 until 2009, Plaintiff was permitted to clock in for his shift between 8:30 a.m. and 9:00 a.m. due to the fact that Plaintiff had child care issues. (*Id.* ¶ 8.) Plaintiff ensured that he worked 40 hours per work and never received any discipline for clocking in late. (*Id.*) Plaintiff alleges that he spoke about what he believed were discriminatory practices in the workplace, specifically, Plaintiff's observation that black employees in the laboratory worked under one supervisor while other non-protected employees

reported to another supervisor. (*Id.* ¶ 9.) Plaintiff eventually filed a complaint with Defendant's human resources department charging his supervisor Jon Thompson ("Thompson") with discrimination based on (1) a re-structuring of the laboratory department which segregated that area further and (2) on the decision to promote a less qualified white employee over a highly qualified black female who was interested in the position. (*Id.* ¶ 10.)

On September 18, 2009, about three works after Plaintiff's internal complaint, Thompson summoned Plaintiff to a meeting and informed him that he would no longer be allowed to clock in late. (*Id.* ¶ 11.) Plaintiff alleges that Thompson permitted a white female employee to work from 7:30 a.m. until 3:30 p.m. (*Id.* ¶ 12.) The human resources department investigated Plaintiff's charge against Thompson and concluded that it had no merit. (*Id.* ¶ 13.) Thereafter, Plaintiff filed a charge of discrimination with the EEOC on October 6, 2009. (*Id.* ¶ 14.) On October 25, 2009, Plaintiff was asked to attend a meeting with Thompson set for October 29. (*Id.* ¶ 15.) Plaintiff alleges that he sent an email to human resources stating that he was not comfortable attending a meeting with Thompson because of his complaint. (*Id.* ¶ 16.) Plaintiff did not refuse to attend the meeting but asked that human resources also attend or that the meeting be reset. (*Id.*) On October 30, 2009, Plaintiff was terminated by Thompson. (*Id.* ¶ 17.)

Following his termination, Plaintiff learned that a white employee was hired in the entry level position of Assistant Operator in the chemical plant. (*Id.* ¶ 18.) Plaintiff alleges that he had previously sought to apply for the position but was told that chemical plant experience was required. (*Id.* ¶ 19.) Plaintiff was told that if he wanted to work in the plant, he needed to leave Defendant, work for another company in a plant environment, and later apply to return to Defendant's employ as a plant employee. (*Id.*) Plaintiff subsequently applied for a plant position but was not hired. (*Id.* ¶ 20.)

Plaintiff's October 6, 2009, EEOC charge alleged race discrimination and retaliation. (*Id.* ¶ 21.) Plaintiff amended his charge on February 23, 2010, to allege retaliatory discharge based on his internal and external complaints of discrimination. (*Id.* ¶ 22.) Based on the fact pleadings of the Complaint, Plaintiff has asserted the following causes of action: (1) race discrimination, (2) hostile work environment, (3) intentional infliction of emotional distress ("IIED") and outrageous conduct, and (4) retaliation.

In its Motion to Dismiss, Defendant argues that Plaintiff has failed to state several of his claims pursuant to Rule 12(b)(6). Defendant contends that Plaintiff has failed to plead facts in support of a claim for sexual harassment. The Complaint's prayer for relief requests "a work environment that is free from sexual harassment." However, the Complaint contains no other facts in support of such a theory nor is sexual harassment listed as a separate count in the Complaint. Next Defendant argues that Plaintiff has failed to state a claim for hostile work environment. Plaintiff has alleged only discrete acts of discrimination and has failed to plead how his workplace was "permeated with discriminatory intimidation, ridicule, and insult." Defendant then asserts that Plaintiff has failed to state a claim for IIED. The only facts pleaded in support of this theory are that Thompson touched Plaintiff at some unspecified time, that sexual comments were made "to them in front of other employees," and that Defendant failed to respond to Plaintiff's complaints about Thompson. Defendant argues that these fact pleadings do not support a plausible claim for IIED. Defendant also argues that Plaintiff's claim for retaliatory discharge lacks any factual support. Finally, Defendant contends that Plaintiff has not pleaded any facts to support his demand for punitive damages. The Complaint simply labels Defendant's conduct as "wilful and wanton" without pleadings any additional factual support. For these reasons Defendant asks the Court to dismiss these claims.

In a one-page response in opposition, Plaintiff concedes that any references to sexual harassment or other discriminatory conduct based on gender was included in the Complaint inadvertently. As a result, Plaintiff does not oppose dismissal of any claim for sex discrimination or the dismissal of an IIED claim based on sex discrimination. Plaintiff maintains, however, that the claims for race discrimination and IIED based on race discrimination are well-pled and will be addressed at summary judgment.[1] Plaintiff has not addressed Defendant's arguments concerning the claims for retaliation based on the termination of his employment and the demand for punitive damages.

In its reply brief, Defendant argues that Plaintiff's failure to address all of the arguments made in Defendant's opening brief constitutes a waiver of those claims. Defendant reiterates many of the legal arguments made in its initial memorandum.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[2] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[3] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material

---

[1] Defendant filed the instant Motion to Dismiss on January 17, 2012, and then a motion for summary judgment (D.E. # 21) on February 1, 2012. Plaintiff filed his separate responses to the dispositive motions on February 29, 2012.

[2] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[3] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

elements of the claim."[4]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[6] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

## **ANALYSIS**

The Court holds that some of Plaintiff's claims are subject to dismissal. Plaintiff has conceded that he did not intend to plead any claims for discrimination on the basis of gender or sex. To the extent that the Complaint includes statements in support of such claims, those claims are dismissed. Likewise, Plaintiff has failed to respond to Defendant's argument that the Complaint fails to state a claim for punitive damages. The Court holds that Plaintiff has waived this issue by virtue of his failure to oppose it in his brief. The Sixth Circuit has held that a party's failure to respond or

---

[4] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[5] Fed. R. Civ. P. 8(a)(2).

[6] *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[7] *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 570.

[8] *Iqbal,* 129 S.Ct. at 1949.

oppose a motion to dismiss may result in waiver of the issues raised in the motion to dismiss.[9] Therefore, Plaintiff's claim for punitive damages is dismissed. To the extent that Defendant's Motion seeks dismissal of these claims, the Motion is **GRANTED**.[10]

Defendant correctly argues that Plaintiff has not fully briefed the other issues raised in the Motion to Dismiss such as the claims for retaliation based on Plaintiff's termination or hostile work environment on the basis of race. The full extent of Plaintiff's briefing on his race discrimination theories is as follows:

> The Plaintiff argues that there are contested issues on the issue of race discrimination and there is a claim of intentional infliction of emotional distress as it related to race under state law. The Plaintiff does not waive its [sic] arguments on intentional infliction of emotional distress as it related to race discrimination under Title VII and this argument will be addressed fully in the Response to Summary Judgment.[11]

Notably Plaintiff does not specifically refer to his claim for retaliation based on his termination or the hostile work environment claim. Nevertheless, the Court finds that both parties have fully briefed the merits of these claims as well as the claims for race discrimination and IIED in their summary judgment filings. Because Plaintiff has specifically reserved argument on his "race discrimination" claims and addressed them in his response to the motion for summary judgment, the Court declines to find that Plaintiff's one-page response has waived the claims. Such a result would elevate form over substance. Moreover, the Court recognizes that the parties have completed

---

[9] *E.g. Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008); *Resnick v. Patton,* 258 F. App'x 789, 790-91, n. 1 (6th Cir.2007).

[10] The Court would also note that paragraph 24 of the Complaint alleges Plaintiff was discriminated against on the basis of his race "in the form of physical assaults, and verbal comments made by employees of the Plaintiffs (sic) because of his race." At his deposition, Plaintiff testified that he was never physically assaulted or ever suffered any derogatory verbal comments based on his race at Buckman and that these allegations in the Complaint were a mistake on the part of his attorney.

[11] Pl.'s Resp. in Opp'n Mot. Dismiss 1 (D.E. # 25).

discovery on these claims and briefed the legal and factual merits of these causes of action.[12] The Court will reach the merits of these claims in the course of ruling on the motion for summary judgment. Therefore, Defendant's Motion is **DENIED** as to these claims.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 21, 2012.

---

[12] The Court would also point out that Defendant elected to file its Motion to Dismiss more than seven months after the deadline for filing initial motions to dismiss. Per the Scheduling Order (D.E. # 8), motions to dismiss were due by June 3, 2011. Plaintiff has not raised this issue here, and so the Court need not address it.